NOT DESIGNATED FOR PUBLICATION

No. 124,445

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

In the Matter of the Estate of
HAZEL PAULINE SMITH-TINDALL.

MEMORANDUM OPINION

Appeal from Franklin District Court; DOUGLAS P. WITTEMAN, judge. Opinion filed June 17, 2022. Affirmed.

*Nicolas F. Smith*, appellant pro se.

*Mark Doty*, of Gleason & Doty, Chartered, of Ottawa, for appellee.

*Robert Asah LaHue* and *Vonnah LaHue*, appellees pro se.

Before SCHROEDER, P.J., GREEN and GARDNER, JJ.

PER CURIAM: Nicolas F. Smith appeals the district court's order declining to appoint his brother, Matthias Smith, the executor of their grandmother's estate as designated in her will and appointing Mark Doty as special administrator. Finding no error, we affirm.

*Factual and Procedural Background*

Hazel Pauline Smith-Tindall died testate in 2020. Hazel had drafted a will in 2017, leaving her residuary estate to her children (both surviving and predeceased) in equal

1

shares. The will directed that any amount owed to a child who predeceased Hazel be divided among that child's surviving heirs.

Hazel named her son, Ronald E. Smith, the executor of her estate and Ronald's son, Matthias, the alternative executor. Because Ronald predeceased Hazel, Matthias was the executor under the will.

Matthias petitioned to probate Hazel's will. In his petition, Matthias listed Hazel's known heirs as Hazel's three children (Ronald, Catherine Olsen, and Marlena Baldwin). Because Ronald died before Hazel, Matthias also listed Ronald's children as potential heirs, including himself and his siblings (Nicolas, Rebekah D. Roberts, and Nathanael E. Smith).

The district court set a hearing to consider Matthias' petition and his appointment as executor. Shortly before the hearing, Matthias' attorney, Steven R. Anderson, received notice of an objection to the proceedings from two potential beneficiaries not listed in Matthias' petition.

Robert Asah LaHue, Vonnah L. LaHue, and their mother, Melinda LaHue, appeared at the hearing and objected to Matthias' appointment as executor based on his failure to list Robert and Vonnah as potential heirs in his petition. Melinda claimed that Robert and Vonnah were Ronald's biological children, and she explained that a member of the Smith family had contacted her before the hearing and had told her to attend.

The district court briefly addressed the parties' arguments but continued the matter to another day.

Before the next hearing, Robert and Vonnah filed a motion objecting to the probate of Hazel's will and Matthias' appointment as executor. They also filed copies of

2

their birth certificates that list Ronald as their father, and affidavits stating Ronald was their biological father. They also filed affidavits from Rebekah and Julia D. Arneson, a family friend. In her affidavit, Rebekah admitted knowing Robert and Vonnah were her "biological and natural half-siblings." Julia alleged that she had had regular interactions with Ronald and Melinda, that Ronald had openly recognized Robert and Vonnah as his children, and that he had sometimes lived with them and Melinda.

At the hearing, held August 19, 2021, the district court found that Rebekah's and Julia's affidavits were hearsay and thus carried little evidentiary value. Still, the district court considered Robert and Vonnah's objection to Matthias' appointment as executor and their request to have Rebekah appointed instead.

The district court asked Matthias' attorney whether he had known about the LaHues before filing Matthias' petition. Anderson responded that he had "heard that there was possibility but [he] did not know that they were in fact [Ronald's] children." Anderson admitted that he had not listed the possibility that other potential beneficiaries existed but insisted he had relied on Matthias' statements when drafting the petition.

Turning to Matthias, the district court asked whether he knew Robert and Vonnah were his siblings. Matthias responded that he "knew of their existence," but he "never had any actual interaction with them." The district court then questioned whether Matthias had read the language in his petition before signing and filing it, reminding Matthias he needed to list all known or reasonably ascertainable legatees. Although Matthias claimed that he had properly read the petition, the district court denied his request to be appointed executor and warned him of potential consequences of filing false information.

The district court explained that unless the parties could agree that Rebekah should be the executor, it would appoint an independent third party. Matthias objected to

3

Rebekah's appointment so the district court appointed Mark Doty, an experienced local attorney, as the administrator of Hazel's estate.

Nicolas and his mother, Diane K. Smith, timely appealed. Diane later voluntarily dismissed her appeal.

*Did the District Court Abuse its Discretion by not Appointing the Named Executor?*

Nicolas, acting pro se, asks this court to reverse the district court's appointment of Doty, appoint Matthias as executor, and order the LaHues to complete DNA testing to prove they are Ronald's children. As Doty's response correctly claims, the only issue properly before this court is the district court's appointment decision. Doty contends that we should affirm the district court's decision as an appropriate exercise of its discretion. Robert and Vonnah filed a joint, pro se brief, arguing the same.

We noted that because an heir has an interest in the competence and suitability of the executor, Nicolas, as grandson of the testator, has standing to challenge the executor's appointment. See K.S.A. 59-2224 (stating "[a]ny heir, devisee, or legatee may prosecute or oppose the probate of any will"). And because Nicolas is acting solely on his own behalf, the fact that he is not represented by counsel is no barrier to his appeal.

*Standard of Review and Basic Legal Principles*

We review the district court's decision appointing an executor of an estate for an abuse of discretion. See *In re Estate of Petty*, 227 Kan. 697, 707, 608 P.2d 987 (1980). A judicial action constitutes an abuse of discretion if: (1) it is arbitrary, fanciful, or unreasonable; (2) it is based on an error of law; or (3) it is based on an error of fact. *Biglow v. Eidenberg*, 308 Kan. 873, 893, 424 P.3d 515 (2018). As the party asserting the

4

district court abused its discretion, the appellant bears the burden of showing such abuse occurred. See *Gannon v. State*, 305 Kan. 850, 868, 390 P.3d 461 (2017).

Generally, the district court must appoint the executor named in a testator's will, as long as the designated person is willing and legally competent to accept and act in that position. But when "peculiar and abnormal facts are disclosed which make it clear that the person designated as an executor is not a suitable person," the district court should decline to appoint the chosen executor. *In re Estate of Petty*, 227 Kan. at 707; see also *In re Estate of Adams*, 237 Kan. 556, 558, 701 P.2d 965 (1985) ("[T]he testator's choice of executor shall control, except in cases of legal incompetence or where there are peculiar and abnormal circumstances showing the executor nominated in the will is unsuitable for the position of trust.").

Courts should not sustain an heir's objection to the appointment of a named executor based on mere feelings of hostility or personal preference:

> "[T]he mere fact the heirs of the testator have a feeling of hostility toward the designated executor and do not want him appointed is not alone a sufficient reason for a district court to refuse to appoint the designated person. In some cases, the testator may recognize that dissension and division exist among his heirs and, as a result, intentionally designates a person as executor who has the fortitude to administer his estate, even in the face of such animosity." *In re Estate of Petty*, 227 Kan. at 707.

See *In re Estate of James*, No. 122,842, 2021 WL 4805242, at \*12 (Kan. App. 2021) (unpublished opinion) (finding no abuse of discretion in appointing the executor listed in testator's will despite "hostile and distrustful relationship" between named executor and objecting beneficiary).

But "courts have a duty to see that estates are administered in such a way as to secure a just, speedy, and inexpensive determination of the proceeding." *In re Estate of*

*Petty*, 227 Kan. at 707. So a district court should reject a testator's designation where the person named "is in a position or has acted in a manner antagonistic toward the interests of the estate or the heirs in a way indicating that his administration of the estate would probably result in prolonged and unnecessary difficulty or expense." 227 Kan. at 707.

*No Abuse of Discretion*

Hazel designated Matthias as the alternative executor to Ronald in her will. Though Matthias was willing to accept an appointment as executor, the district court found he was not suitable for the position based on his "omission of certain heirs in his verified petition." The record supports this finding and the district court's decision.

Under K.S.A. 59-2220(a), a petition for the probate of a will must include the "names, ages, residences and addresses of the devisees and legatees so far as known or can with reasonable diligence be ascertained." According to the terms of Hazel's will, Matthias needed to list this information for all of Hazel's children and Ronald's known or reasonably ascertainable heirs.

At the district court hearing, Matthias acknowledged his duty to list all potential heirs and admitted knowing about Robert and Vonnah before petitioning. When the district court asked whether he knew Robert and Vonnah were his siblings, Matthias responded that he "knew of their existence," but he "never had any actual interaction with them." Despite this actual knowledge, Matthias limited his list of "all . . . named legatees under the Will who [were] known or [could] be ascertained with reasonable diligence" to Hazel's children, his three full siblings, and himself. Thus, despite evidence suggesting Robert and Vonnah were also Ronald's children or could otherwise qualify as Ronald's heirs, Matthias intentionally omitted Robert and Vonnah from the list of potential heirs in his petition. Matthias thus knowingly disregarded the interests of two potential heirs

6

when he signed and filed his petition in the district court. That move, likely intended to benefit him as an heir of a greater portion of the estate, delayed its proper administration.

We find Matthias' actions and his misrepresentations to the district court constitute "peculiar and abnormal" facts establishing he was not a suitable executor. See *In re Estate of Petty*, 227 Kan. at 709 (finding abuse of discretion in decision to appoint executor named in the will based on evidence of "arrogant and callous disregard for the feelings of testator's widow and children" and high probability of prolonged litigation).

And when, as here, the person named as executor is unsuitable, "the administration of the estate should be undertaken by a special administrator." 227 Kan. at 707. The district court followed this rule by appointing Doty. Because the record shows this was a reasonable decision and was not based on any error of fact or law, we affirm the district court's decision not to appoint Matthias as executor and to instead appoint Doty to administer Hazel's estate.

Affirmed.